IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80094-CR-MIDDLEBROOKS/JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff

vs.

MICHAEL DAVID HARLAND,

    Defendant
_____/

NIGHT BOX FILED NOV 21 2002 CLERK, USDC / SDFL / WPB

### DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

**COMES NOW**, the Defendant, MICHAEL DAVID HARLAND, and hereby sets forth the following objections to the Presentence Report (P.S.R.):

1.    The defense objects to the last sentence in Paragraph 9 of the P.S.R. It should read that the children spent every other weekend (not week) with the Defendant at his home.

2.    The defense objects to the third sentence of Paragraph 10 of the P.S.R. It should read "one" rather than "several" of the recovered pictures.

3.    The defense objects to descriptions of several photographs in Paragraph 11 of the P.S.R.:



    a.    As to Counts 2, 15 and 18 (photograph P9090196): This is a photograph of a minor exposing her vagina. Photograph P9090214 depicts the Defendant holding his penis. Whether the Defendant is actually masturbating is not clear from viewing the photograph.

    b.    As to Counts 3, 16 and 29 (photograph P9090215): Whether the Defendant's penis is actually touching the minor's vagina is not clear from viewing the photograph.

    c.    As to Counts 8, 21 and 34 (photograph P118270114): A review of this picture does not show the minor actually holding or even touching the Defendant's penis. Additionally, the minor is not on the Defendant's lap but is rather sitting between his open legs.

    d.    As to Counts 10, 23 and 36 (photograph P118270116): A review of this photograph reflects the minor facing the camera with the Defendant behind her. Neither the minor's vagina nor the Defendant's penis is visible in this photograph. The Defendant did not have intercourse/penetration with the minor.

    e.    As to Counts 13, 26 and 39 (photograph P1070062): A review of this photograph reflects the minor with her panties on, not exposing her vagina.

4.    The defense wishes to clarify Paragraph 17 of the P.S.R. In regard to computer pornography and "1-900 Sex Numbers". This was legal adult material, not child pornography.

5.      The defense wishes to clarify the first sentence of Paragraph 18 of the P.S.R. The defense contends that Ms. Kloosterman may have meant that she was surprised that the Defendant was arrested for these types of charges.

6.      The defense objects to Paragraph 43 of the P.S.R., which pursuant to U.S.S.G. 2G2.2(b)(3) recommends a four level enhancement for sadistic or masochistic conduct or other depictions of violence.

All photographs of child pornography are pictures which by their nature are humiliating and degrading to victims; however, up to this point, the photographs seen by defense counsel are not clearly sadistic, masochistic or violent to merit a four level enhancement under Eleventh Circuit case law.

In U.S. v. Bender, 290 F.3d 1279 (11th Cir. 2002), a U.S.S.G. 2G2.2(b)(3) enhancement was upheld where at least one photograph portrayed an adult male penis actually penetrating a child's vagina. The 11th Circuit held in Bender that several of the pictures clearly depicted sexual acts which would have to be painful.

In U.S. v. Garrett, 190 F.3d 1220 (11th Cir. 1999), a U.S.S.G. 2G2.2(b)(3) enhancement was upheld where pictures showed an eleven year old girl with a glass bottle in her vagina. Other pictures showed children being vaginally and anally penetrated by adult males.

Additionally, in U.S. v. Caro, 2002 U.S. App. Lexis 21999, 15 Fla. L. Weekly Fed. C 1125 (11th Cir. October 21, 2002), the Eleventh Circuit Court of Appeals sided with the government's position that a "sadism" enhancement under U.S.S.G. 2G2.2(b)(3) was warranted where pictures included a girl with a collar chained around her neck and other restraining devices on her body. Other pictures showed adult males vaginally and anally penetrating prepubescent

girls, sometimes with foreign objects. The Court found the pictures of children bound and chained sufficient to warrant the sadistic conduct enhancement.

Furthermore, in U.S. v. Hall, 2002 U.S. App. Lexis 23880 (11th Cir. November 20, 2002), the key government exhibit portrayed an adult male vaginally penetrating a young girl. The 11th Circuit ruled in Hall that the U.S.S.G. 2G2.2(b)(3) "sadism" enhancement is warranted with such a picture. The Court held that when cases involve images diplaying an adult male vaginally or anally penetrating a young child, such penetration would necessarily be painful, and warrant a sadism enhancement.

None of the photographs seen by defense counsel show actual vaginal or anal penetration that would cause pain, nor any other acts of sadism that caused pain. The Defendant, MICHAEL DAVID HARLAND, denied any penetration or intercourse with the minor in his statement to police.

Defense counsel also has been shown pictures of a woman (roughly 20 years old) playfully simulating a spanking to two children (roughly 8-10 years old). The children are smiling in the photographs, clearly not suffering any "pain" to merit a "sadism" enhancement. These pictures do not rise to the level of bondage that necessitated a "sadism" enhancement in the Caro case.

7. The defense objects to the first sentence of the first Paragraph 66 of the P.S.R. The Defendant's correct date of birth is November 10, 1959, not November 9, 1959.

8. The defense objects to Paragraph 67 of the P.S.R., in that the correct spelling of the address is Orford Avenue, not Orefeld Avenue.

9. The defense objects to Paragraph 69 of the P.S.R.. John Harland realizes his brother will be sentenced and wants such sentencing to be "fair" and "appropriate".

10. As to Paragraph 79 of the P.S.R., the Defendant maintains he experimented with marijuana at age 17, not age 27. Additionally, Ms. Picoli would state that the Defendant did not engage in the use of illicit substances.

11. As to Paragraph 88 of the P.S.R., the Defendant states that the actual profit was about $6800, not $7500, and that most of that went to help pay legal fees.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original plus one copy has been furnished to the U.S. District Court, 701 Clematis Street, West Palm Beach, FL 33401 and one copy of the foregoing Motion has been forwarded to Lothrop Morris, Assistant U.S. Attorney, 500 Australian Avenue, Suite 400, West Palm Beach, FL 33401 and Virginia S. Cataldo, United States Probation Officer, 501 South Flagler Drive, Suite 400, West Palm Beach, FL 33401 on this 22 day of November, 2002.

Respectfully submitted,

_____
SCOTT I. SUSKAUER, ESQ.
The Suskauer Law Firm
1601 Forum Place, #1200
West Palm Beach, FL 33401
(561) 687-7866
Federal Bar No. 776475