UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 02-80094-CR-MIDDLEBROOKS

NIGHT BOX
FILED

NOV 22 2002

CLERK, USDC / SDFL / WPB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL DAVID HARLAND,

    Defendant.
_____/

**FILED UNDER SEAL**

**THE UNITED STATES' OBJECTIONS
TO THE PRESENTENCE INVESTIGATION REPORT**

    Pursuant to the Local Rules of the United States District Court for the Southern District of Florida and to the Federal Rules of Criminal Procedure, the United States of America, by and through its undersigned Assistant United States Attorney, respectfully files the following objections and addendum to the Presentence Investigation Report ("PSI") for the defendant, Michael David Harland:

    1.    The United States does not formally object to the recitation of facts set forth in paragraphs 4 through 12 ("The Offense Conduct") but would merely note that this statement was drawn from early information regarding the case. Therefore, the United States, while not objecting to the essential accuracy of these facts, does not fully adopt the statement as its own. Rather, the United States would supplement the facts with the statement of facts in the United States' Motion for Upward Departure and the attached Exhibits.



2.  The United States objects to the conclusions regarding the role assessment, as set forth in paragraph 13 of the PSI and moves to supplement that paragraph to include a four level increase. U.S.S.G. § 3B1.1 provides that based on the defendant's role in the offense, increase the offense level as follows:

(a)  If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

This case involves an international ring of child pornography manufacturers. The membership of the ring includes defendant, Michael David Harland ("Harland"), Lloyd Alan Emmerson ("Emmerson"), Paul Gordon Whitmore ("Whitmore"), Leslie Peter Bowcut ("Bowcut"), Daniel Boobar ("Boobar"), William Degelman ("Degelman"), Alberto Caselli a/k/a Dion ("Caselli"), and Dirk-Jan Prins ("Prins").

Application Note 2 to USSG § 3B1.1(a) states, "to qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager or supervisor of one or more other participants." In other words, the defendant need not organize or lead all five participants - one may suffice. United States v. Okoli, 20 F.3d 615, 616 (5th Cir. 1994) (defendant need only organize or lead one or more participants to qualify for four-level increase pursuant to Section 3B1.1(a)); United States v. Washington, 44 F.3d 1271, 1281 (5th Cir.) (same), cert. denied, 115 S. Ct. 2011 (1995); United States v. Dota, 33 F.3d 1179, 1189 (9th Cir. 1994) (same), cert. denied, 115 S. Ct. 1432 (1995).[1]

Here, Harland led and organized the eight pedophiles who were members of the ring by

---

1   In November 1993, Section 3B1.1 was amended, via Application Note 2, to clarify this point. Okoli, 20 F.3d at 616.

using their desire to obtain pornographic images of E.H.

On August 24, 2000, in a conversation Harland grants Boobar access to the ring:

**Harland**: Did you here from Lloyd

**Boobar**: He e-mailed me back with a brief message saying "thanks" for my comments on his daughters and said he would contact me (I gave him my ICQ number).

**Harland**: good, he asked me about you

**Boobar**: good, did you put in the good word for me? of course I have no idea what time he might be on ICQ

**Harland**: i said you were a total pervert who only wanted to bang his daughters senseless just like me

**Boobar**: heheh . . . . well at least he knows the "real me"

**Harland**: no i was nice about you I told him you were totally trustworthy

On October 11, 2000, the following conversation took place regarding Harland's plan to reorganize the ring:

**Boobar**: "missed you on Monday . . .

**Harland**: Im keeping a low profile

**Boobar**: I understand

**Harland**: Ill explain later all at a later point

**Boobar**: I hope everything is allright!

**Harland**: time to clean up and regroup

On Harland's computer, Emmerson left the following message pleading with Harland to

stay in contact with him:

> Mike:
>
> i spoke to loltot (Boobar) . . . he said you told him to say goodbye to me. I'll miss you and [E.H.] . . . i've been your friend, i've protected you . . Hope you know this . . also I'll be here for you if you ever want to talk . . . you and i have a lot in common. We could have made some money with our girls if we did it right . . . but we have made a few mistakes . . .! Our nature is to want more sometimes . . .
>
> call me or write
>
> lloyd

The ICQ chats are replete with examples of how Harland wielded tremendous power over the other members of the ring by granting or withholding pornographic images of E.H. A pornographic image of E.H. was a highly treasured commodity among this ring. As Emmerson said, "We could have made some money with our girls if we did it right." The ring members act desperate when Harland offers to send them an image of E.H. or allow a web conference with E.H. Thus, Harland cannot argue that he has not organized or led one or more other participants as required by USSG § 3B1.1(a). Moreover, Harland cannot argue that either his alleged failure to direct or control some members of the ring or his relative culpability vis-a-vis other members of the ring has any relevance to determining whether he should have received the four-level increase.

There are at least eight participants who were involved in this criminal activity. A "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." USSG § 3B1.1, comment. (n.1). In addition, in determining whether to adjust Harland's base offense level under Section 3B1.1, the court's inquiry includes

4

all of the relevant conduct as set forth in Section 1B1.3, not merely the conduct of conviction. See United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994) (court must consider all acts or omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction), cert. denied, 115 S.Ct. 898 (1995).

Harland, Emerson, Whitmore, Boobar and the other pedophiles all sexually exploited the children for their own sexual gratification. The fact that some did it through the receipt of a pornographic material while others manufactured child pornography does not make a difference. As members of the ring, all of their activities that involved the sexual abuse and exploitation of minor victims is relevant conduct to the charged offenses. See U.S.S.G. § 1B1.3.

The factual scenario here is similar to the facts in United States v. Holland, 22 F.3d 1040. In Holland, the defendant was convicted of perjury for lying about statements he made in an affidavit supporting his motion for leave to proceed in forma pauperis. Id. at 1042. The government sought a four-level increase pursuant to USSG § 3B1.1(a) because one participant helped the defendant hide his assets, three others helped the defendant hide his ownership of a boat and a fifth individual helped the defendant hide his ownership of a business and a car. Id. at 1044. The district court refused to impose the four-level enhancement. Id. at 1042.

On appeal, this Court stated that the evidence indicated that as many as five individuals assisted the defendant by imparting an air of legitimacy to his perjurious statements. Id. at 1046. This Court did not hold that the actions of the five participants were "improperly blended" because they related to different activity - i.e., lying about the defendant's bank account vis-a-vis lying about the defendant's ownership of his boat. On the contrary, even though the participants acted independently of each other in their respective efforts to help the defendant hide different assets, the Court intimated that they were all participants under § 3B1.1(a) because their actions

5

related to the same criminal activity - i.e., helping the defendant commit perjury on his in forma pauperis application.[2] Id. at 1046. Likewise, the criminal activity in this case all revolves around the sexual abuse of the children. All participants played a role in that abuse and must be counted for § 3B1.1(a) purposes.

Harland could receive the four-level increase because the criminal activity was "otherwise extensive" pursuant to § 3B1.1(a). Under the "otherwise extensive" standard, no set number of criminally responsible participants is required. Holland, 22 F.3d at 1045. In other words, even if the other eight pedophiles are not considered participants, the court could still give Harland the four-level increase if the criminal activity was "otherwise extensive."

In assessing whether an organization is "otherwise extensive" all persons involved during the course of the entire offense are considered, including outsiders who provide unknowing services. Holland, 22 F.3d at 1045, citing USSG § 3B1.1, comment. (n.3). This Circuit considers the length and scope of the criminal activity as well as the number of persons involved in determining whether the criminal activity qualifies as otherwise extensive. Holland, 22 F.3d 1046. Here, Harland abused E.H. for years. In addition, the scale of this organization is extensive because it is an international child sex ring involving at least twelve and up to seventy minor victims.

3.  The United States objects to the conclusions regarding the grouping of Counts 1 through 39 Group- A , as set forth in paragraph 30 of the PSI. The United States contends that Counts one through twenty-six should be grouped pursuant to Guidelines section 2G2.1(c)(1).

---

[2] The Court remanded the matter to the district court so it could make appropriate factual findings regarding the applicability of § 3B1.1(a).

The guideline for 18 U.S.C. § 2251(a) & (b) is found in § 2G2.1. Pursuant to § 2G2.1(c)(1), if the offense involves the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction. Comment note 2 provides that for the purposes of Chapter Three, Part D (Multiple Counts), each minor exploited is to be treated as a separate victim. Consequently, multiple counts involving the exploitation of different minors are not to be grouped together under § 3D1.2 (Groups of Closely Related Counts). Special instruction (c)(1) directs that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction.

In this case, as the PSI correctly notes, the relevant conduct includes more than one minor victim. It is reasonably foreseeable that Harland's manufacturing and distributing child pornography to members of the ring would result in the other members of the ring manufacturing and distributing child pornography to Harland. In fact that is the stated goal of the ring to manufacture and distribute child pornography to a select number of members. Accordingly, the abuse and exploitation of V.B, C.E., J.E., M.W., T. LNU ,C.S., K.LNU, Lo.LNU, L.LNU, M.G., and A.G is relevant conduct of the offense of conviction which includes more than one minor being exploited and, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction. Because there are at least five minors, C.E. J.E., M.W. V.B., and L.LNU that are equally serious offenses, pursuant to § 3D1.4 an additional 5 units should be added as Group B, C, D, E, F. Paragraph 50 should be amended to include 6 to 7 ½ units.

    4.  The United States objects to the conclusions regarding the grouping of Count 40

Group- B , as set forth in paragraph 31 of the PSI. The United States contends that Counts twenty seven through forty should be grouped pursuant to Guidelines section 3D1.2(d).

The guideline for 18 U.S.C. § 2252(a) and (a)(4)(B) are found in § 2G2.2 and 2G2.4, respectively. Pursuant to § 3D1.2(d) offenses covered by guidelines § 2G2.2 and 2G2.4 are to be grouped under this subsection.

The guideline for 2252(a)(1) is found in § 2G2.2. Pursuant to § 2G2.2(a), the base offense level for Harland under counts 27 through 39 of the indictment is 17. These counts would group under §3D1.2(d) "groups of closely related counts." Pursuant to § 2G2.2(b)(1), Harland would receive a two-level enhancement for distributing material that involved a prepubescent minor or minor under the age of twelve years. Pursuant to § 2G2.2(b)(2)(B), Harland would receive a five-level enhancement for distributing material for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain. Pursuant to § 2G2.2(b)(4), Harland would receive a five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. Pursuant to § 2G2.2(b)(3) Harland would receive a four-level enhancement for material that portrays sadistic or masochistic conduct or other depictions of violence. Pursuant to § 2G2.2(b)(5), Harland would receive a two-level enhancement for using a computer for the transmission of the material. Thus, for counts 27 through 39 of the indictment, Harland's offense level would be 35.

However, pursuant to § 2G2.2(c)(1), Harland would receive the cross-reference to § 2G2.1 for permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. With regard to the cross-reference of the Sentencing Guidelines providing for a higher offense level if a child pornography offense involves solicitation, the term "offense" includes both charged and uncharged offenses. See United

States v. Miller, 166 F.3d 1153 (11th Cir. 1999); see also U.S.S.G. § 1B1.3, comment. (Backg'd), 2G2(c)(1). In Miller, the Eleven Circuit found that the cross-reference from 2G2.2(c)(1) to 2G2.1 applied where the Defendant posted a message on a news group offering to pay money to photograph or video tape young teens who like to "show yourself off." The Eleventh Circuit found that Miller induced minors, by notice or advertisement to engage in sexually explicit visual depictions. Harland and other members of the ring engaged in the same type of behavior. They set up web sites where they posted innocent images of their children advertising modeling for children. Once people entered the site they could contact Harland or other members of the ring and then gain access to the ICQ chats. Likewise, Harland used the ICQ chats to post images of E.H. that other members could access. Thus, the offense involved the causing, transporting, permitting or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Accordingly, for counts twenty-seven through thirty-nine, Harland's resulting offense level must be the highest offense level achieved by either a cross-reference to § 2G2.1 or the offense level of § 2G2.2.

The guideline for 18 U.S.C. § 2252(a)(4) is found in § 2G2.4. Pursuant to § 2G2.4(a), the base offense level for Harland under count 40 of the indictment is 15. Pursuant to § 2G2.4(b)(1), Harland would receive a two-level enhancement for receiving material that involved a prepubescent minor or minor under the age of twelve years. Pursuant to § 2G2.4(b)(2), Harland would receive a two-level enhancement because the offense involved possessing 10 items containing child pornography. Pursuant to § 2G2.4(b)(3), Harland would receive a two-level enhancement for using a computer for the transmission of the material. Thus, Harland's total offense level would be 21. However, pursuant to § 2G2.4(c), Harland would receive the cross-

reference to § 2G2.1 for causing, transporting, permitting or offering or seeking by notice or advertisement a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Alternatively, Harland could receive the cross-reference to § 2G2.2 for trafficking in material involving the sexual exploitation of a minor.

If the court finds that the abuse and exploitation of V.B, C.E., J.E., M.W., T. LNU ,C.S., K.LNU, Lo.LNU, L.LNU, M.G., and A.G is not relevant conduct with respect to Counts one through twenty-six, then the United States argues in the alternative, that it is relevant conduct with respect to Count forty because it is reasonably foreseeable that Harland's possession and collection of child pornography from members of the ring would result in the other members of the ring manufacturing and distributing child pornography to Harland. In fact that is the stated goal of the ring to manufacture and distribute child pornography to a select number of members.

As in the analysis above, under § 2G2.1(c)(1), if the offense involves the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction. Comment note 2 provides that for the purposes of Chapter Three, Part D (Multiple Counts) , each minor exploited is to be treated as a separate victim. Consequently, multiple counts involving the exploitation of different minors are not to be grouped together under § 3D1.2 (Groups of Closely Related Counts). Special instruction (c)(1) directs that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction.

Because there are at least five minors, C.E. J.E., M.W. V.B., and L.LNU that are equally serious offenses, pursuant to § 3D1.4 an additional 5 units should be added as Group B, C, D, E,

F. Paragraph 50 should be amended to include 6 to 7 ½ units.

5.   The United States objects to paragraph 102 of the PSI, which indicates that there are no factors present that would warrant a departure from the guidelines range. Pursuant to U.S.S.G. §§ 5K2.0, 2G2.1, comment. (n.6), 2G2.2, comment. (n.2), 5K2.3 and 5K2.8, the United States respectfully submits that the defendant's extreme sexual abuse and exploitation - coupled with the severe psychological injury suffered as a result of defendant's degrading conduct - warrants an upward departure.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
By: LOTHROP MORRIS
ASSISTANT U.S. ATTORNEY
Florida Bar # 0095044
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
(561) 820-8711
(561) 820-8777 (FAX)
LOTHROP.MORRIS@USDOJ.GOV

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered via mail this 25th day of November, 2002, to:

Scott Suskauer, Esq.
1601 Forum Place, Suite 1200
West Palm Beach, Fl 33401
(561) 687-7866

Virginia S. Cataldo
United States Probation Office
501 South Flagler Drive, Suite 400
West Palm Beach, Fl 33401

_____
By: LOTHROP MORRIS
ASSISTANT U.S. ATTORNEY