IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80094-CR-MIDDLEBROOKS/JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff

vs.

MICHAEL DAVID HARLAND,

    Defendant
_____/



### DEFENDANT'S RESPONSE TO GOVERNMENT'S UPWARD DEPARTURE MOTION

**COMES NOW**, the Defendant, MICHAEL DAVID HARLAND, by and through undersigned counsel and hereby respectfully requests a denial of the Government's request for upward departure. The defense notes that in Paragraph 102 of the P.S.I. the United States Probation Department found no factors to warrant a departure. The defense agrees with the Probation Department. Further grounds to support a denial of the Government's motion are as follows:

    1.    The Government relies on U.S.S.G. 5K2.0 to argue that aggravating circumstances exist warranting departure.

    Additionally, the Government relies upon <u>Koon v. United States</u>, 518 US 81 (1996). As the Government notes in <u>Koon</u>, the Supreme Court held that the Court is authorized to depart if the applicable guidelines don't contemplate the factors present. The factors in the Defendant HARLAND'S case are already considered by the guideline analysis presented in the P.S.I.

    In the case of <u>United States v. Everett</u>, 129 F.3d (11th Circuit 1997), the 11th



Circuit Court of Appeals considered sentencing issues regarding a defendant who for several years accessed child pornography from a Danish service and uploaded other files back to the Danish service and to other persons in other states. A search of that defendant's residence uncovered extensive child pornography. The Court noted that that defendant was a substantial user of child pornography. The Court in Everett held:

> "Unfortunately, child pornography transactions occur. The sentencing commissioners are aware of this and provide for remedies...There is nothing in this record to suggest there exist aggravating or mitigating circumstances of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

The defense position is that this language applies to the Defendant HARLAND since the HARLAND P.S.I. has already applied the sentencing guidelines to the Defendant's admitted conduct and the Defendant is facing a severe sentence already as a result of these guidelines.

2. The Government relies on U.S.S.G. 2.2(b)(4) comment n.2 to establish a ground for upward departure.

Application note 2 of U.S.S.G. 2G2.2 actually conflicts with the Government's position. The note states that an upward departure may be warranted if subsection (b)(4) of U.S.S.G. 2G2.2 does not apply. The problem with the Government's position is that Paragraph 44 of the P.S.I. uses U.S.S.G. 2G2.2(b)(4) to enhance the Defendant's sentence by 5 levels.

3. The defense disputes the Government's position for upward departure regarding the number of victims. Photographs shown to defense counsel only show the Defendant with E.H., not any other minors. The defense disputes the Government's position that the ICQ chats "powerfully" reveal the Defendant's abuse and exploitation of minors. This is a selective distortion of much of the content of the chats.

4.	The Government additionally argues that E.H. has suffered extreme psychological injury and therefore a departure is warranted. The defense has not been presented any evidence to support the Government's position in this regard.

The videotapes of interviews with E.H. do not demonstrate "extreme psychological injury." In fact, the videotapes reflect a child who had absolutely no recollection of any abuse. The child, despite repeated questioning by a DCF employee, did not recall any improper conduct by the Defendant. Unfortunately, the child was clearly distraught by the barrage of the repeated questions.

5.	The Government seeks an upward departure pursuant to U.S.S.G. 5K2.8. These characteristics are not present in this case.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original plus one copy has been furnished to the U.S. District Court, 701 Clematis Street, West Palm Beach, FL 33401 and one copy of the foregoing Motion has been forwarded via facsimile and U.S. Mail to Lothrop Morris, Assistant U.S. Attorney, 500 Australian Avenue, Suite 400, West Palm Beach, FL 33401 and Virginia S. Cataldo, United States Probation Officer, 501 South Flagler Drive, Suite 400, West Palm Beach, FL 33401 on this _5th_ day of December, 2002.

Respectfully submitted,

_____
SCOTT I. SUSKAUER, ESQ.
The Suskauer Law Firm
1601 Forum Place, #1200
West Palm Beach, FL 33401
(561) 687-7866
Federal Bar No. 776475