USDC FLSD 245B (Rev 3/01) - Judgment in a Criminal Case                                    Page 1 of 8

# United States District Court

## Southern District of Florida
### WEST PALM BEACH DIVISION

FILED by _____ D.C.

DEC 1 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. W.P.B.

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For Offenses Committed On or After November 1, 1987) |
| v. | **Case Number: 9:02CR80094-01** |
| MICHAEL DAVID HARLAND | |

Counsel For Defendant: SCOTT SAUSKAUER
Counsel For The United States: LOTHROP MORRIS
Court Reporter: Roger Watford

The defendant pleaded guilty to Counts 1 THRU 40 of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. 2251(a) | Knowingly used, persuaded, induced, enticed and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions knowing the visual depictions would be transported interstate or foreign commerce | 3-11-2002 | 1 THRU 13 |
| 18 U.S.C. 2251(b) | Parent knowingly permitting minor to engage in sexually explicit conduct for the purpose of producing visual depictions knowing that such depictions would be transported in interstate or foreign commerce. | 3-11-2002 | 14 THRU 26 |
| 18 U.S.C. 2252(a)(1) | Transportation of visual depictions involving a minor engaged in sexually explicit conduct in interstate or foreign commerce | 3-11-2002 | 27 THRU 39 |
| 18 U.S.C. 2252(a)(4) | Possession of visual depictions involving a minor engaged in sexually explicit conduct that had been transported in interstate commerce. | 3-11-2002 | 40 |



USDC FLSD 245B (Rev 3/01) - Judgment in a Criminal Case | Page 2 of 8

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.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
Defendant's Date of Birth: 11-10-1959
Deft's U.S. Marshal No.:   UNKNOWN

Defendant's Mailing Address:
3228 GUN CLUB ROAD
WEST PALM BEACH, FLORIDA 33406

Defendant's Residence Address:
3228 GUN CLUB ROAD
WEST PALM BEACH, FLORIDA 33406

Date of Imposition of Sentence:
December 6, 2002

DONALD M. MIDDLEBROOKS
United States District Judge

December 10, 2002

USDC FLSD 245B (Rev  3/01) - Judgment in a Criminal Case                                                          Page 3 of 8

DEFENDANT:  MICHAEL DAVID HARLAND
CASE NUMBER:  9:02CR80094-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
**216 MONTHS AS TO COUNTS 1 THRU 26 TO RUN CONCURRENTLY WITH EACH OTHER.**
**180 MONTHS AS TO COUNTS 27 THRU 39 TO RUN CONCURRENTLY WITH EACH OTHER.**
**60 MONTHS AS TO COUNT 40.**
**ALL OF COUNTS 1 THRU 40 ARE TO RUN CONCURRENTLY WITH EACH OTHER.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

USDC FLSD 245B (Rev 3/01) - Judgment in a Criminal Case                                                    Page 4 of 8

DEFENDANT: MICHAEL DAVID HARLAND
CASE NUMBER: 9:02CR80094-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
**3 YEARS AS TO COUNTS 1 THRU 40 TO RUN CONCURRENTLY WITH EACH OTHER.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL DAVID HARLAND
CASE NUMBER: 9:02CR80094-01

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in an approved inpatient/outpatient mental health treatment program, as directed by the U.S. Probation Office. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the Immigration and Naturalization Service for removal proceedings consistent with the Immigration and Nationality Act.

If removed, the defendant shall not reenter the United States without the written permission of the Attorney General of the United States. Should the defendant be removed, the term of probation/supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of probation/supervised release, he is to report to the nearest U.S. Probation Office within 72 hours of his arrival.

The defendant shall have no unsupervised, personal, mail, telephone, or computer contact with children/minors under the age 18 or with the victim.

The defendant shall have no personal, mail, telephone, or computer contact with children/minors under the age 18 or with the victim.

The defendant shall not be involved in any children's or youth organization.

The defendant shall participate in a sex offender treatment program to include psychological testing and polygraph examination. Participation may include inpatient/outpatient treatment, if deemed necessary.

The defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

The defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

The defendant shall not possess or use any data encryption technique or program.

The defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

The defendant shall maintain a daily log of all addresses via any personal computer (or other computer used by the defendant), other than for authorized employment, and make this log available to the U.S. Probation Officer.

The defendant shall not possess or use a computer that contains an internal modem and/or possess an external modem without the prior approval of the U.S. Probation Officer.

The defendant shall not possess or use any computer; except that the defendant may, with the prior approval of the U.S. Probation Officer, use a computer in connection with authorized employment.

The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

The defendant shall register with the state sex offender registration agency in any stated where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The Probation Officer will provide the state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing, such as photographing and fingerprinting.

The defendant shall pay restitution in the amount of $25,120.00. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations. Upon release from incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. The restitution shall be made payable to Clerk, United States Courts, and forwarded to:

CLERK OF THE COURT
ATTN: FINANCIAL SECTION, ROOM 150
301 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7788

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case

DEFENDANT: MICHAEL DAVID HARLAND
CASE NUMBER: 9:02CR80094-01

## CRIMINAL MONETARY PENALTIES

   The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00 AS TO EACH OF COUNT'S 1 THRU 40 TOTAL DUE $4,000** | $ | **$25,120.00** |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case        Page 8 of  8

DEFENDANT:  MICHAEL DAVID HARLAND
CASE NUMBER:  9:02CR80094-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

     A.  Lump sum payment of **$4000.00** due immediately.

     E.       Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution in the amount of $25,120.00. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations. Upon release from incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. The restitution shall be made payable to Clerk, United States Courts, and forwarded to:

CLERK OF THE COURT
ATTN: FINANCIAL SECTION, ROOM 150
301 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7788

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

     **U.S. CLERK'S OFFICE**
     **ATTN: FINANCIAL SECTION**
     **301 N. MIAMI AVENUE, ROOM 150**
     **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately.  The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.