UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 02-80094-Cr- HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DOV CHRISTIAN HOLMES,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

1. The government is unaware of any written or recorded statements made by the defendant.

2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

   The following is the substance of an oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: **The defendant and his family identified the defendant as Justes Scott to the U.S. Marshals.**

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the office of the United States Attorney, West Palm Beach, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis report regarding the cocaine in connection with this case is attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio or Napue.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. **See public records for Shane Jackson and Matthew Wilson.**

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes if any still exist.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E.

2

|   |   |
|---|---|
|    | 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise(including the inextricably-intertwined doctrine). |
| I. | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J. | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K. | The government will, upon request, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in Compliance with 21 U.S.C. §822 and §823, and 21 C.F.R. §101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample. |
| . | If there is no response within 10 (ten) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial. |
| L. | The government does not know of any automobile, vessel, or aircraft allegedly used in commission of this offense that is in the government's possession. |
| M. | The government is not aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. **See Attached report**. |
| N. | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will be discussed at the discovery conference. |

      P.        At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    TIME: 2300-noon.
    DATE: July 9, 2000-July 10, 2000
    PLACE: Loxahatchee River, Jupiter Inlet, Palm Beach County.

The attachments to this response are numbered _1-91__. Please contact the

undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _____
KAREN L. ATKINSON
Assistant United States Attorney
Florida Bar No.178603
500 Australian Avenue, 4th Floor
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 820-8777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this ___ day of May, 2006, on all counsel of record on the attached service list.

_____
KAREN L. ATKINSON
ASSISTANT U.S. ATTORNEY

## SERVICE LIST

## UNITED STATES v. DOV CHRISTIAN HOLMES

### 02-80094-Cr-HURLEY/VITUNAC

Counsel for the United States:
Karen L. Atkinson
Assistant U.S. Attorney
500 Australian Ave., Suite 400
West Palm Beach, Florida 33701
Telephone: 561-820-8711
Facsimile: 561-820-8777

Counsel for Defendant, Dov Christian Holmes

Richard G. Lubin
1217 S. Flagler Dr. #2
West Palm Beach, Florida 33401
Telephone: 561-655-2040
Facsimile:  561-655-2182